**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DREW M. KOMENDA, SHAHZAD ZAFAR, GEORGE R. COX, and FRANCIS M. BEDNAR,<br><br><br>Plaintiffs,<br><br>v.<br><br>MCKESSON DISTRIBUTION HOLDINGS LLC,<br><br><br>Defendant. | Case No. 26-cv-2163-HLT-JBW |

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S**
**AMENDED MOTION TO REDACT EXHIBIT 1 TO PLAINTIFFS' COMPLAINT**

The matter is before the Court on Defendant McKesson Distribution Holdings LLC's Amended Motion to Redact Exhibit 1 to Plaintiffs' Complaint and First Amended Complaint (Dkt. 18). Defendant requests, pursuant to D. Kan. Rule 5.4.2(c), an order allowing Exhibit 1 to Plaintiffs' Complaint and First Amended Complaint[1] to be filed in the public record with redactions. Plaintiffs do not oppose the motion. Defendant's earlier motion to redact Exhibit 1 was denied without prejudice (Dkt. 16) because Defendant had not shown the asserted confidentiality interest outweighs the presumption of public access for the extent of the redactions proposed. In its amended motion, Defendant proposes more limited redactions as reflected in its proposed redacted Exhibit 1 (Dkt. 19-1) and highlighted pdf document emailed to chambers. As explained below, the Court finds Defendant has met the standards for some of its proposed redactions but not all of them, and thus denies Defendant's amended motion without prejudice.

---

[1] Exhibit 1 was filed provisionally sealed on the docket at Dkts. 3 and 9-1, as permitted by D. Kan. Rule 5.4.2(a).

## I.    Legal Standard

"Courts have long recognized a common-law right of access to judicial records."[2] This right is based on the public's interest in understanding disputes that are presented to a public forum for resolution and in assuring that the courts are fairly run and judges are honest.[3] This right of access, however, "is not absolute."[4] The Court may, "in its discretion, seal documents if the public's right of access is outweighed by competing interests."[5] "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."[6] The proponent "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process."[7]

District of Kansas Local Rule 5.4.2(c) sets forth the procedure and requirements applicable to sealed and redacted filings in civil cases. A proponent that seeks to maintain any portion of the document under seal, or to allow the document to be filed in the public record with redactions, must file a motion to seal or redact in the public record. The motion must include: (1) "a description of the specific portions of the document[s]" that the proponent wants to seal or redact, which must be "narrowly tailored to the asserted confidentiality interest"; (2) the asserted confidentiality

---

[2] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). *See also CST Indus., Inc. v. Tank Connection, L.L.C.,* No. 23-2339-JAR-RES, 2024 WL 5008599, at *1 (D. Kan. Dec. 6, 2024) (granting in part and denying in part motions to seal or redact).

[3] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[4] *Helm*, 656 F.3d at 1292 (quoting *Mann*, 477 F.3d at 1149).

[5] *Id.* (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)).

[6] *Mann*, 477 F.3d at 1149.

[7] *Helm*, 656 F.3d at 1292.

interest and why it outweighs the right of public access; (3) "a clearly defined and serious injury that would result in the absence of restricting public access"; and (4) "why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question."[8]

## II.    Discussion

Based upon its review of Defendant's amended motion and proposed redactions, the Court finds Defendant has met the standards set forth above for some of its proposed redactions but not all of them. With regard to the proposed redactions on pages 2, 12, and 13 to specific financial terms of the transaction; Schedules 1.1(A) and (B) to the MIPA; Exhibit B (including Schedules 1–6) to the MIPA; and Schedule I to the Restrictive Covenant Agreement, the Court finds Defendant has shown a confidentiality interest that outweighs the presumption of public access to judicial records, because the redaction includes detailed and specific financial terms of the transaction or employee names. The Court agrees that the risk of harm due to disclosure of this confidential information outweighs the public's interest in having access to the redacted information. The Court finds these redactions are appropriate.

However, with regard to the remaining redactions, specifically those on pages 7–8, 13, and 14 to definitions of terms and deadlines; pages 53–54 to governmental consents; pages 70–71 to releases; and Exhibits D and E to the Escrow Agreement (with the exception of Schedule I to the Restrictive Covenant Agreement, identified above), the Court finds Defendant has not shown its confidentiality interest in the redacted information outweighs the presumption of public access to judicial records. The Court denies the Amended Motion without prejudice as to these proposed

---

[8] D. Kan. Rule 5.4.2(c)(1)–(4).

redactions.  However, Defendant may file another motion that provides further support explaining why this information should be redacted.

The Court's rulings on the proposed redactions are summarized in the following chart:

| Proposed Redaction | Page number at bottom of page of Exhibit A emailed to the Court as pdf on May 15, 2026 | Redaction Permitted? |
| --- | --- | --- |
| Dollar amount in Adjustment Escrow Fund | 2 | YES – specific financial term of the transaction |
| Portion of definition of Indebtedness | 7–8 | NO |
| Dollar amount in Target Working Capital | 12 | YES – specific financial term of the transaction |
| Dollar amount in Tax Escrow Fund | 13 | YES – specific financial term of the transaction |
| Date in Tax Escrow Release Date | 13 | NO |
| Definition of Transaction Expenses | 13 | NO |
| Definition of Working Capital | 14 | NO |
| Governmental Consents and Filings | 53–54 | NO |
| Release | 70–71 | NO |
| Schedule 1.1(A) – Accounting Policies | N/A (pages 124–128 of PDF) | YES – specific financial term of the transaction |
| Schedule 1.1(B) – Sample Working Capital Contributions | N/A (pages 129–130 of PDF) | YES – specific financial term of the transaction |
| Exhibit B | N/A (page 138 of PDF) | YES – specific financial term of the transaction |
| Exhibit B | N/A (pages 139–145 of PDF) | YES – specific financial term of the transaction |
| Schedule 1 | N/A (page 146 of PDF) | YES – specific financial term of the transaction |

| Proposed Redaction | Page number at bottom of page of Exhibit A emailed to the Court as pdf on May 15, 2026 | Redaction Permitted? |
|---|---|---|
| Schedule 2 | N/A (pages 147–148 of PDF) | YES – specific financial term of the transaction |
| Schedule 3 | N/A (page 149 of PDF) | YES – specific financial term of the transaction |
| Schedule 4 | N/A (pages 150–151 of PDF) | YES – specific financial term of the transaction |
| Schedule 5 | N/A (page 152 of PDF) | YES – specific financial term of the transaction |
| Schedule 6 | N/A (page 153 of PDF) | YES – specific financial term of the transaction |
| Exhibit D | N/A (page 170 of PDF) | NO |
| Portion of Exhibit E – Restrictive Covenant Agreement | N/A (pages 173–175 of PDF) | NO |
| Schedule I – Company Employees | N/A (pages 181–183 of PDF) | YES – names of employees |

**IT IS THEREFORE ORDERED** that Defendant's Amended Motion to Redact Exhibit 1 to Plaintiffs' Complaint and First Amended Complaint (Dkt. 18) is denied without prejudice to refiling a third motion to redact consistent with this Order.

**IT IS FURTHER ORDERED** that the provisionally sealed Exhibit 1 to Plaintiffs' Complaint and First Amended Complaint, filed at Dkt. 3 and 9-1, will remain provisionally sealed pending the filing of another motion to redact.

**IT IS SO ORDERED.**

Dated on May 19, 2026, in Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge